**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------
CHELSEA GAUSE ROBINSON; SHARON
WILMER;

                                Plaintiffs,
          v.                                      No. 13-CV-172
                                                  (NAM/CFH)
SOCIAL SERVICE

                                Defendant.
-----------------------------------------------------------------

**APPEARANCES:**                                 **OF COUNSEL:**

CHELSEA GAUSE ROBINSON & SHARON
      WILMER
Plaintiffs Pro Se
244 Colonie Street
Albany, New York 12206

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER

    Chelsea Robinson and Sharon Wilmer ("plaintiffs") filed this complaint, along with requests to proceed In Forma Pauperis ("IFP"), on February 13, 2013. Compl. (Dkt. No. 1); Dkt. Nos. 2-3. Neither plaintiff has paid any fee relating to this action.

    Plaintiffs' complaint[1], which is disjointed and difficult to decipher, appears to allege that they were denied or ejected from various housing assistance programs, discriminated against, and denied help with filing for various benefits and assistance programs. Because the pleading filed by plaintiffs fails to state a claim on which relief may be granted, as more

---

[1] Plaintiffs' allege that in February of 2012 Wilmer was locked out of her apartment and, presumably, subsequently lost said apartment. Compl. ¶ 5. However, the complaint is dated June 6, 2007. Compl. p. 7. The inconsistencies in the date are attributed to unintentional error on the plaintiffs' behalf.

fully discussed below, this Court recommends dismissal, or, in the alternative, in light of plaintiffs' pro se status, an order be issued directing plaintiffs to file an amended complaint should they wish to avoid dismissal of this action.

## I. Discussion

### A. IFP Application

Turning first to plaintiffs IFP motions (Dkt. Nos. 2-3), after reviewing both applications, the Court finds that plaintiffs may properly proceed with this matter IFP.

### B. Plaintiffs' Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

However, this does not end the review. The Second Circuit has clearly enunciated a district court's obligation to read pro se complaints liberally. Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); Burgos v.

Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

In drafting their complaint, plaintiffs contends that Robinson, the daughter of co-plaintiff Wilmer, was denied her right to remain in a local hotel[2] and was forced to move in with Wilmer which caused Wilmer to both lose her apartment[3] and get hit by a vehicle while attempting to assist Robinson in finding refuge at various homeless shelters. Compl. ¶¶ 1-2. Plaintiffs contend the Court has jurisdiction to decide their claims pursuant to the Civil Rights Act of 1964 and U.S.C. §§ 416.501 & 416.601[4]. Compl. ¶¶ 3-4.

Plaintiffs allege six causes of action in their complaint. In the first, plaintiffs contend

---

[2] It appears that, in liberally reading the complaint, Robinson was housed at a local hotel with her children through assistance from Joseph Housing, which she cites in her complaint. Compl. ¶ 1. Joseph's Housing and Shelter, Inc. is a "community-based, not for profit corporation whose purpose is to prevent and alleviate homelessness . . . [through] offer[ing] shelters, services, support, and guidance to homeless individuals, youth, and families." Joseph's House & Shelter, http://www.josephshousetroy.org (last visited February 21, 2013).

[3] It also appears that, in liberally reading the complaint, Wilmer was living at Cedar Park Apartments through housing and support services provided by the Unity House. Compl. ¶ 2. The "Unity House offers several housing options so that adults with mental illness, people with HIV/AIDS, people who are homeless, and victims of domestic violence can live safely and self sufficiently in the community with dignity and independence. Housing services are provided on an individual's level of functioning and personal choices at the least restrictive level of care." Unity House: Housing & Support, http://www.unityhouseny.org/services/services_detail.cfm?ID=1 (last visited February 21, 2013).

[4] These sections do not correspond with any found in the United States Code. However, 20 C.F.R. § 416.501 discusses the general payment provisions for supplemental security income ("SSI") benefits. Additionally, 20 C.F.R. § 416.601 introduces the representative payment program for SSI and details how and when a representative payee will be selected. While both plaintiffs indicated they receive SSI in their IFP applications, neither contends that their payments were delayed or indicated enrollment in the representative payment plan.

3

that Wilmer was locked out of her house and that resulted in her being struck by a vehicle and losing her apartment, causing her pain and suffering. Compl. ¶¶ 1-8. The second claim alleges a breach of contract as, while Wilmur was losing her apartment, she represented her problem to the Commissioner of Social Services and various political, religious and community figures, presumably receiving no assistance from them. Compl. ¶¶ 9-10. The third cause of action states a breach of the implied covenant of good faith and fair dealing because defendant was "consistently minimizing [p]laintiff[s'] rights with violations of human rights . . . ." by (1) allegedly discriminating against plaintiffs by refusing to judge them on the basis of their ability and merit and failing to provide them with equal opportunity for advancement; (2) violating procedures regarding mental health clients; (3) failing to consider them for various assistance programs in which they would like to be enrolled including the Pass Program, Viscid, homeless shelters, Payee Representation, food stamps, daycare, and tuition assistance; (4) creating, maintaining and condoning a hostile and harassing environment which further impacted a mental disability; and (5) causing Wilmer, as a result of the humiliation, stress, and hostility that Robinson suffered, to have negative experiences in her professional life by losing her reputation and career in public policy. Compl. ¶¶11-14. The fourth claim is for an intentional infliction of emotional distress, naming Cedar Park as the offending party although that entity is currently not a named defendant, for causing the emotional distress. Compl. ¶¶ 15-17. The fifth cause of action is for fraud, deceit, and misrepresentation because defendant failed to judge plaintiffs on their merits and abilities and were not given various opportunities to secure benefits such as shelter and heat assistance and day care services. Compl. ¶¶ 18-21.

4

### C. Federal Claims

### 1. Jurisdiction

The Court is foremost concerned with whether it possesses the jurisdiction to entertain this suit and provide the relief sought. It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction. City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 512 (1973); see also Alliance of Am. Ins. v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction sua sponte). When subject matter jurisdiction is lacking, dismissal is mandatory. United States v. Griffin, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Thus, the undersigned begins with a review of the Court's jurisdiction to hear this case. Subject matter jurisdiction may be established in two ways: (1) if there is a federal question pursuant to 28 U.S.C. § 1331; or (2) if there is diversity of citizenship pursuant to 28 U.S.C. § 1332. Liberally construing plaintiffs' complaint, it appears that they intended to bring their cause of action under Title VI of the Civil Rights Act of 1964, which prohibits a recipient of federal funds from discriminately excluding or denying benefits to an individual on the basis of race, color, or national origin. 42 U.S.C. §2000d. Liberally construing the plaintiffs' complaint, it also appears that they have alleged claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.. As plaintiffs' claims allege violations of rights purportedly secured by various federal statutes, they have established federal question jurisdiction.

5

## 2. Claims Based on Statutory Rights

### i. Title VI of the Civil Rights Act

Plaintiffs failed to allege under which section of the Civil Rights Act they were bringing suit. Title VI has been used conjunction with complaints related to housing assistance issues in the past. See e.g. Comer v. Cisneros, 37 F.3d 775 (2d Cir. 1994) (applying inter alia Title VI of the Civil Rights Act to a case involving "issue[s] of racial discrimination and segregation . . . in the local administration of a public housing program . . . .") (citations omitted). Accordingly, liberally construing the allegations in the complaint, this seems most appropriate to utilize in this initial review. Title VI of the Civil Rights Act of 1964 provides that no person may, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

In the complaint, plaintiffs state that they were discriminated against by defendant failing to judge them according to their merit and abilities. Such proffers do not indicate that plaintiffs were discriminated against due to race, color or national origin as required by the Title VI. Moreover, there are no factual allegations anywhere in the complaint discussing plaintiffs' race, color or national origin. Similarly, there are no factual allegations which illustrate the casual relationship of how, when, or where said discriminatory acts allegedly occurred. Furthermore, to the extent that access to housing programs and other benefit assistance programs were limited, it appears that plaintiffs contend those limitations resulted from mental impairments that one or both of them suffered from. As this alleged discrimination is due to disability, it is not covered within the purview of Title VI. Instead, it is

discussed below in context of the ADA and FHA claims.

Without alleging any facts that the plaintiffs' alleged denials were discriminatory, it is recommended that the liberally construed claims be dismissed.

### ii. ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of . . . a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA, a plaintiff must demonstrate that

> (1) he or she is a "qualified individual with a disability"; (2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his or her disability; and (3) [the facility that] provides the service, program or activity is a public entity.

Clarkson v. Coughlin, 898 F. Supp. 1019, 1037 (S.D.N.Y. 1995); 42 U.S.C. § 12132. A person is an individual with a qualified disability if "(A) a physical or mental impairment . . . substantially limits one or more of the major life activities of such individual, (B) [there is] a record of such an impairment, or (C) [the individual is] being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A)-(C).

In this case, liberally construing the plaintiffs' complaint, it appears that plaintiffs may have impairments which would entitle them to protection under the ADA. The plaintiffs reference mental health treatment services and mental disabilities. However, at present, plaintiffs only make conclusory and tangential assertions about various mental health ailments which they, or perhaps one or the other, suffer from. Such presumptions are insufficient to establish what impairment they suffer from, how it has impacted them and

7

prevented them from engaging in major life activities, or identifying which major life activities are affected. Moreover, plaintiffs have not advanced anything other than conclusory statements to establish that the housing assistance and benefits which were allegedly denied were due to plaintiffs' disabilities. Without alleging any facts that the denial was discriminatory or based upon their disabilities, it is recommended that the liberally construed claims be dismissed.

### iii. Fair Housing Act

"The Fair Housing Act makes it illegal to . . . discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap . . . [which is] a physical or mental impairment which substantially limits one or more of such person's major life activities . . . . " <u>Jenkins v. New York City Dep't of Homeless Servs.</u>, 643 F. Supp. 2d 501, 517 (S.D.N.Y. 2009) (citing U.S.C. §§ 3602(h) & 3604(f)).

In this case, again liberally construing the plaintiffs' complaint, it appears that at least Wilmer attempt to proffer a claim that she was denied housing because of her mental impairment. However, for the reasons proffered above, the complaint is deficient in alleging any facts which identify what the nature of the mental impairment is, what major life activity is impaired, and the causal relationship demonstrating that any denials were due to said mental impairment. Without proffering any factual support to infer any of those details, it is recommended that this liberally construed claim also be dismissed.

### D. State Claims

Federal courts have supplemental jurisdiction over such pendent state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs have raised five additional state law claims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; (4) fraud; and (5) misrepresentation. It is recommended herein, however, that plaintiffs federal claims be dismissed, on which rests federal jurisdiction over the pendent state law claims. Plaintiffs assert no other basis for the Court's jurisdiction over these claims and, therefore, the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims if the recommendations herein are accepted. See 28 U.S.C. § 1367(c)(3).

### E. Amendment

Should plaintiffs be directed by the District Judge to file an amended complaint, the following guidance is offered. Any such amended complaint, **which shall supersede and replace in its entirety the previous complaint filed by plaintiffs**, must contain a caption that clearly identifies, by name, each party plaintiffs are suing in the present lawsuit and must bear the case number assigned to this action. Plaintiffs must also clearly state the nature of the suit and the basis for this Court's jurisdiction, specifically articulating any impairments from which they suffer, how those impairments affect major life activities, and how those impairments, or any discriminatory acts based on race, color or national origin, served as the causal connection resulting in the deprivation of housing assistance and other public benefits. The body of plaintiffs' amended complaint must contain **sequentially**

**numbered paragraphs containing only one act of misconduct per paragraph**.

## II. Conclusion

For the reasons stated herein, it is hereby:

1. **ORDERED**, that plaintiffs Robinson's and Wilmer's IFP applications (Dkt. Nos. 2-3) are **granted**[5]; and it is further

2. **RECOMMENDED**, that complaint be **dismissed** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

3. **RECOMMENDED**, that in light of plaintiffs' pro se status, prior to any dismissal, plaintiffs should be afforded an opportunity to amend their complaint to:

    A. state violations of Title VI of the Civil Rights Act, the ADA, and/or the FHA; and

    B. re-allege state law tort and contract violations, consideration of which is granted pursuant to the Court's supplemental jurisdiction; and it is further

4. **RECOMMENDED**, that if the plaintiffs be given an opportunity to file an amended complaint, such complaint should be filed **within thirty (30) days** from the date of the filing of the Decision and Order adopting this Report-Recommendation and Order; and it is further

5. **RECOMMENDED**, that upon the filing of plaintiffs' amended complaint, this matter be returned to the Court for further review; and it is further

6. **RECOMMENDED**, that if plaintiff fails to file an amended complaint **within thirty**

---

[5] Plaintiffs should note that although their applications to proceed IFP have been granted, they will still be required to pay other fees that they may incur in this action, including copying and/or witness fees.

**(30) days** from the filing date of the Decision and Order adopting this Report-Recommendation and Order, the Clerk of the Court shall enter judgment dismissing this action **without further order of this Court** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted and for failure to comply with the terms of that Decision and Order; and it is further

7. **ORDERED**, that plaintiffs should not take steps to amend their complaint until the District Judge assigned to this matter has had an opportunity to review these recommendations and render a ruling; and it is further

8. **ORDERED**, that the Clerk of the Court provide plaintiffs with a Pro Se Assistance Program Brochure; and it is further

9. **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiffs in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Dated: February 22, 2013
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge